VOLUNTEER STATE LIFE INSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54176. Promulgated April 10, 1933.

F. Linton Martin, Esq., for the petitioner.
George D. Brabson, Esq., for the respondent.

OPINION.

TRAMMELL: This is a proceeding for the redetermination of a deficiency in income tax for the year 1928 in the amount of $1,541.01. The issues are (1) whether or not there should be included in gross income of the petitioner, a life insurance company, the rental value of space occupied by it in its home office building; (2) what portion of the salaries paid by the petitioner to its president and treasurer

may be deducted as investment expense under the provisions of section 203 (a) (5) of the Revenue Act of 1928; (3) whether or not the petitioner is entitled to deduct from gross income for the taxable year the amount of $5,704.22 paid during said year as taxes on real estate; (4) whether or not the petitioner is entitled to deduct from gross income for 1928 the amount of $4,091.42 as taxes imposed upon its shareholders upon their interests as shareholders, which amount was paid in said year by the petitioner without reimbursement from the shareholders; (5) whether or not the petitioner is entitled to deduct the amount of $2,071.91 representing expenses of maintaining real estate rented to tenants, the rental having been reported as income; (6) whether the petitioner is entitled to deduct from gross income the amount of $4,764.80 paid during the taxable year as expenses of maintaining real estate, including the amount of $1,843.60 paid as commissions on the sale of real estate; (7) whether the petitioner is entitled to deduct the amount of $341.19 paid during the taxable year as expenses in connection with the sale of real estate; and (8) whether or not the petitioner is entitled to exclude from its gross income the amount of $1,496 representing gross discount on claims paid in advance.

In respect of issues (3), (4) and (5), involving deductions in the amounts of $5,704.22, $4,091.42 and $2,071.91 claimed by the petitioner and disallowed by the respondent, the latter now concedes error and admits that the petitioner is entitled to the full amounts of the deductions claimed. In respect of issue (8) the respondent also concedes error and admits that the amount of $1,496, representing discount on prepaid claims, was erroneously reported by the petitioner as interest and should be eliminated from gross income. In redetermining the deficiency the items referred to will be treated in accordance with the respondent's admissions of error. The petitioner concedes issue (7), involving a deduction in the amount of $341.19 claimed by the petitioner and disallowed by the respondent. On this issue, the respondent's determination is, therefore, approved. The remaining issues will be considered in their numerical order.

Issue (1) raises the question whether or not the petitioner's gross income should include the rental value of the space occupied by it in its home office building.

The petitioner is a Tennessee corporation, engaged in the business of life insurance, with its home office at Chattanooga. Its life insurance business is conducted on the legal reserve plan. Petitioner keeps its books of account on the basis of cash receipts and disbursements.

During the taxable year 1928 the petitioner owned a twelve-story office building, about one-tenth of which it occupied as its home office, renting the remainder. During the said year the petitioner received

rents from other tenants in the total amount of $144,084.19, and the expenses for the year, including depreciation, amounted to $104,507.33. The net rentals in excess of expenses received in said year amounted to $39,576.86. The rental value of the space occupied by the petitioner was $9,873.76. The correct book value of said office building at December 31, 1928, was $701,787.19.

This issue, in our opinion, must be decided in favor of the petitioner. We have repeatedly held that gross income of a life insurance company may not be increased by the amount of the rental value of space occupied for its business purposes in a building owned by it, and that deductions for taxes and other expenses pertaining to such building may not be denied or abridged because such rental value is omitted from the gross income. *Independent Life Ins. Co.*, 17 B. T. A. 757; *Reserve Loan Life Ins. Co.*, 18 B. T. A. 359; *Two Republics Life Ins. Co.*, 21 B. T. A. 1355; *LaFayette Life Ins. Co.*, 26 B. T. A. 946.

On authority of the prior decisions above cited, we here hold that the amount of $9,873.76, representing the rental value of the space occupied by the petitioner in its home office building and which amount was erroneously included in its gross income for the taxable year, should be excluded therefrom.

Issue (2) involves the deduction claimed by the petitioner for " investment expenses." Section 203 (a) (5) of the Revenue Act of 1928 defines " net income " in the case of a life insurance company as meaning the gross income less certain specified deductions including " investment expenses," provided that if any general expenses are in part assigned to or included in the investment expenses, the total deduction for investment expenses shall not exceed one-fourth of 1 per centum of the book value of the mean of the invested assets at the beginning and end of the taxable year.

The petitioner claimed a deduction from its gross income for 1928 in the amount of $42,742.48 on account of investment expenses. Of this amount $15,999.96 was for officers' salaries, $9,000 having been paid to the petitioner's president and $6,999.96 to its treasurer for investment services. The aggregate amount paid to said officers for all services was $22,800.

The respondent makes no objection to any item comprised in the total deduction claimed for investment expenses other than officers' salaries, but contends that this item represents a general expense which was " in part assigned to or included in the investment expenses." Accordingly, the respondent allowed the amount of $33,393.09 as investment expenses, which amount, it is agreed, represents one-fourth of 1 per centum of the mean of the petitioner's invested assets in the taxable year. Respondent's action resulted in

disallowing the amount of $9,349.39, which is the amount in controversy under this issue.

This issue resolves itself into the ultimate question whether the salaries paid to the officers constituted a general expense which in part was assigned to or included in the investment expenses.

The evidence shows that the petitioner employs a system by which it keeps accurate account of its investment expense. The disbursements for salaries, traveling expenses, supervision and items of that character are kept separate throughout the year, as well as those for telegraphic charges, printing and stationery. The investment expenses are segregated on the petitioner's books at the time the disbursements are made in all cases, and not at the end of the year. The salaries of $9,000 and $6,999.96 paid to the petitioner's president and treasurer in the taxable year represented compensation for services in handling its investments. Additional amounts were paid to said officers for services rendered in connection with general supervisory work. The salaries for investment services were paid by separate checks. The checks for investment services did not include any amount for general supervisory work or for any services other than in connection with investments. The payment of specific salaries for investment services was made pursuant to resolutions adopted by the petitioner's finance committee and approved by the board of directors.

On the foregoing facts we think the respondent's contention must be denied. It is clearly shown that the petitioner did not pay lump sum salaries to its officers which, at the end of the year or any other time, were allocated in part to investment expenses and in part to general expenses. By resolution of the finance committee, approved by the board of directors, specified amounts were paid by separate checks to each officer for services in connection with investments. There is no evidence tending to indicate, nor has the respondent attempted to show, that the salaries paid for investment services were excessive compensation for the services actually rendered. It follows that the salaries paid to the officers in question did not constitute general expenses which were assigned in part to investment expenses, and the provisions of section 203 (a) (5), *supra*, limiting the amount of the deduction for investment expenses in such situation has no application here. Respondent's action on this issue is reversed.

Issue (6), the sole issue remaining for decision, concerns a deduction in the aggregate amount of $4,764.80 claimed by the petitioner as representing expenses incurred and paid in the taxable year in connection with its real estate. This deduction consists of the following items: repairs, $1,403.32; fire insurance, $1,494.53; com-

missions on sales, $1,843.60; and miscellaneous expenses, $23.35; total, $4,764.80.

The record shows that the above expenses were paid by the petitioner during the taxable year 1928 in connection with real estate owned by it, which had been acquired through foreclosures, and did not include any taxes assessed against local benefits tending to increase the value of the property, nor for permanent improvements or betterments. Respondent now concedes that the three items of repairs, fire insurance and miscellaneous expenses above set out come within the provisions of section 203 (a) (6) of the Revenue Act of 1928, and are allowable deductions from gross income.

However, the respondent contends that the item of $1,843.60 representing commissions on sales of real estate is not an allowable deduction for the reason that the taxing statute does not require life insurance companies to report profit or loss on the sale of real estate for income tax purposes. In our opinion, respondent's position on this point is well taken.

The petitioner argues that the commissions paid by it "in its efforts to get back some of the money which it had sunk in these investments" should be allowed as "investment expenses." We are unable to agree with this theory. Plainly, we think, commissions on sales of real estate are primarily and fundamentally a part of the expense of effecting sales and enter directly into the computation of the profit derived or loss sustained upon such sales. They may not, therefore, be fairly classified as "investment expenses," and since the petitioner's income tax liability is not affected by the profit or loss resulting from its sales of real estate in the taxable year, commissions paid in that connection may not be deducted in computing its taxable net income.

*Judgment will be entered under Rule 50.*